# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 12, 2010

Lyle W. Cayce
Clerk

No. 09-51136
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS DANIEL ORTIZ-ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:09-CR-260-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Jesus Daniel Ortiz-Ortiz appeals the 46-month within-guidelines sentence imposed following his guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326. Ortiz argues that his sentence is unreasonable because his sentence is the result of impermissible double counting, does not reflect that his current illegal reentry conviction is not a crime of violence and posed no danger to others, and does not reflect that he illegally reentered because he needed work to support his family. Ortiz also argues that this court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should not afford his sentence a presumption of reasonableness because U.S.S.G. § 2L1.2 is not empirically based.

Ortiz's challenge to the presumption of reasonableness is foreclosed. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir.), *cert. denied,* 130 S. Ct. 192 (2009). We have also rejected the argument that using a prior conviction to increase the offense level and in calculating criminal history is impermissible "double counting." *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).

Ortiz has not rebutted the presumption that the district court sentenced him to a reasonable, properly calculated within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). The district court's judgment is AFFIRMED.